# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1534

———————————————

United States of America

*Plaintiff - Appellee*

v.

Luis Conde Alcala

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

—————————

Submitted: September 17, 2012
Filed: September 28, 2012
[Unpublished]

—————————

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

—————————

PER CURIAM.

Luis Conde Alcala appeals the district court's[1] judgment sentencing him to forty months of imprisonment. Alcala contends the district court abused its discretion

———————————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

by failing to depart downward from the Guidelines range based on Alcala's cultural assimilation. We affirm.

Alcala is a citizen of Mexico. Alcala was twice previously removed from the United States, in 2003 and 2008. Each time, Alcala subsequently returned and illegally reentered the United States. On September 3, 2010, Immigration and Customs Enforcement officials encountered Alcala in a Pottawattamie County, Iowa, jail, where Alcala was being held on robbery charges. Alcala admitted he entered the United States in August 2010 without inspection or admission by an immigration official. Alcala was indicted for being an illegal alien found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

Alcala pleaded guilty. Before the district court, Alcala contended he should receive a downward sentencing departure based on his cultural assimilation, under United States Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2 cmt. n.8.[2] Alcala

---

[2]Application note 8 of U.S.S.G. § 2L1.2 provides as follows:

Departure Based on Cultural Assimilation.–There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant. In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and

argued a downward departure was warranted because he continuously resided in the United States from age nine, and because his four children, themselves United States citizens, provided his main incentive for returning to the United States after deportation. The government argued Alcala had not resided in the United States continuously because he was twice deported to Mexico. The government further argued Alcala's serious criminal history counseled against a downward departure. Alcala's extensive criminal history includes convictions for assault, weapons possession, and drug possession.

At the sentencing hearing, the district court considered granting but declined to grant a departure based on cultural assimilation. The district court based its decision on Alcala's "[t]errible criminal history" and the need for deterrence. The district court noted a sentence of twenty-two months for the exact same offense had not been sufficient to deter Alcala from reentering the United States. The district court sentenced Alcala to forty months of imprisonment, at the high end of the Guidelines range of 33-41 months.

On appeal, Alcala argues the district court abused its discretion by failing to grant a departure based on Alcala's cultural assimilation. A district court's discretionary decision not to depart downward is unreviewable on appeal. United States v. Frokjer, 415 F.3d 865, 875 (8th Cir. 2005); United States v. Parham, 16 F.3d 844, 847 (8th Cir. 1994) ("We have jurisdiction to review a sentencing court's failure to depart downward only when the district court is not aware of its authority to depart."). The district court was aware of its authority to depart and weighed the arguments of both parties before expressly declining to exercise its discretion to grant

---

extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

a departure. The district court's decision not to depart downward is thus unreviewable.

Furthermore, to the extent Alcala argues his sentence is unreasonable, we disagree. We review a claim that a sentence is unreasonable under a deferential abuse of discretion standard. United States v. Mees, 640 F.3d 849, 856 (8th Cir. 2011). When a district court's sentence reflects a proper application of the Sentencing Guidelines, we may apply a presumption of reasonableness to the sentence. Rita v. United States, 551 U.S. 338, 347 (2007). It is unusual that we reverse a district court's sentence as substantively unreasonable. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009). Alcala's forty month sentence is presumptively reasonable, as it falls within the applicable Guidelines range. It is not unreasonable in light of Alcala's serious criminal history and the need to deter Alcala from further criminal activity.

We are unable to say this is the rare case where a district court abused its discretion. We therefore affirm.

_____